# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TAMMIE BUTTERFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:18-03189-CV-RK |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REVERSED** and this case is **REMANDED** to the ALJ for proceedings consistent with this Order.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff has the following severe impairments: depression; generalized anxiety disorder; obsessive compulsive disorder; and panic disorder, with agoraphobia. The ALJ also determined that Plaintiff has the following non-severe impairments: hypertension, herpes, allergies, hypothyroidism, anemia, and hypokalemia. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with certain non-exertional limitations. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues that the ALJ erred in her evaluation of Plaintiff's treating doctor (Dr. Kuich). The Court agrees. For disability applications filed before March 27, 2017, like Plaintiff's, a treating physician's opinion regarding a plaintiff's limitations is generally entitled to deference. *See Samons v. Astrue*, 497 F.3d 813, 817-18 (8th Cir. 2007) (citing 20 C.F.R. §§ 404.1527, 416.927.)[1] "Accordingly, an ALJ should give good reasons for discounting a treating physician's opinion." *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002). Under the Commissioner's regulations, the ALJ should explain the weight given to treating source opinions or "otherwise ensure that the discussion of the evidence in the . . . decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).

Here, Dr. Kuich gave a number of opinions concerning Plaintiff's mental abilities and ability to work in a Medical Source Statement - Mental ("MSSM"). (Tr. at 319-20.) Dr. Kuich opined that due to her mental impairments, Plaintiff would miss over four days of work per month

---

[1] The regulations concerning the evaluation of opinion evidence which are applicable to Plaintiff's application have since been amended. 82 Fed. Reg. 588.

and would be off task 25 percent or more of the workday. (*Id.*) He also opined that Plaintiff suffered from a number of both marked and extreme limitations in her abilities. (*Id.*) The ALJ stated that Dr. Kuich's opinions were given little weight because "he did not provide any functional limitations . . . and his opinions are contradicted by his own notes[.]" (Tr. 22.)[2] However, neither of these reasons are explained such that the Court can follow the ALJ's reasoning. First, Dr. Kuich's MSSM does opine as to Plaintiff's functional limitations. (Tr. 320) (indicating, among other limitations, that Plaintiff is extremely limited in her ability to maintain attention and concentration for extended periods). Second, it is not clear from the ALJ's decision how Dr. Kuich's MSSM opinions contradict his notes. The ALJ specifically states that Dr. Kuich's opinions are contradicted by his notes, "which showed the claimant has only mild limitations" in some areas of mental functioning. (Tr. 22.) It is unclear how the fact that Dr. Kuich's treatment notes show mild limitations in some areas of mental functioning necessarily means Dr. Kuich's notes conflict with his opinions finding higher levels of limitation in other areas.

Further, Dr. Kuich opines in his MSSM that Plaintiff is significantly limited. The vocational expert testified that there would be no work for an individual who was off-task for more than 10 percent of the day or who missed two days of work per month. (Tr. at 319.) In addition, Dr. Kuich opined that Plaintiff suffered extreme limitations in three areas of functioning and marked limtiations in seven areas. (Tr. at 319-320.) Because Dr. Kuich's MSSM opinions, if deferred to, may affect the outcome of the case, the ALJ's failure to articulate good reasons for discounting the opinions is not harmless. Upon remand, if the ALJ discounts Dr. Kuich's MSSM opinions, the ALJ must articulate what opinions she is discounting, why she discounts those opinions, and how the opinions are contradictory to the medical evidence.

Plaintiff also argues that the ALJ erred in her evaluation of Plaintiff's statements of disabling symptoms. Because the Court remands based on the ALJ's treatment of Dr. Kuich's MSSM opinions, it expresses no opinion on whether the ALJ should revisit its findings with regard to Plaintiff's credibility.

---

[2] The ALJ also specifically discounted Dr. Kuich's opinions that Plaintiff is "unable to work," which were not contained in the MSSM statement. Plaintiff does not argue that the ALJ's evaluation of these opinions by Dr. Kuich was error.
.

3

## Conclusion

For the reasons above, the Court **REVERSES** the decision of the ALJ and **REMANDS** the case for further proceedings as provided in sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Upon remand, if the ALJ discounts Dr. Kuich's MSSM opinions, the ALJ must articulate what opinions she is discounting, why she discounts those opinions, and how the opinions are contradictory to the medical evidence.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 21, 2019